## Wallace A. Lowell et al. v. E. B. Perry.
### Gen. No. 13,297.

1. ABSTRACT—*when affirmance upon insufficient, may be awarded.* Where an abstract filed upon appeal is not in compliance with the rule, it is within the discretion of the Appellate Court to affirm the judgment, if the abstract contains sufficient of form and substance to disclose a cause of action.

2. ABSTRACT—*when reversal will follow notwithstanding insufficiency of.* Notwithstanding the abstract filed on appeal is insuf-

ficient, a reversal will follow if neither the abstract nor the record discloses a cause of action.

3. JUDGMENT—*when reversal will be as to all parties.* A judgment at law is a unit and if unsupported as to one party thereto it will be reversed as to all.

Action commenced before justice of the peace. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed May 31, 1907.

M. L. THACKABERRY and J. H. HILL, for appellants.

G. B. CHAMBERLIN, for appellee; A. F. W. SIEBEL, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The abstract in this case is wholly unintelligible. It is partly an index to the record, and the balance consists of indiscriminate and disjointed excerpts from the testimony of witnesses which in no way disclose an understandable cause of action. Where an abstract is in some respects informal, but on its face contains sufficient of form and substance to disclose a cause of action, it is our duty to affirm the judgment appealed from. But this abstract, neither as to parties nor subject-matter, contains any substantive form or fact, from which, with all legitimate inferences flowing therefrom, the judgment can be maintained. In this dilemma we turn to the record itself to ascertain whether or not it contains sufficient *prima facie* proof in form and substance sustaining the judgment and justifying an affirmance. An examination of the record is equally mystifying.

The judgment appealed from is against Lowell and Buck, and is for $250.

The suit originated before a Cook County justice of the peace, and was brought by appellee against the Chicago Fire Insurance Company, a corporation, S. W. Jacobs, W. A. Lowell, E. M. Chamberlain and R. N.

Buck, and a judgment was rendered against all of them February 23, 1901, for $200. From this judgment appellant, Wallace A. Lowell, perfected an appeal to the Superior Court. The other appellant entered his appearance, and the cause proceeded to trial against them before the Superior Court and a jury, the latter rendering a verdict against appellants in favor of appellee for $250, upon which verdict, after the overruling of a motion for a new trial, judgment was entered.

It is impossible to discover from the evidence of the witnesses in this record the nature of appellee's claim. Appellee was not a witness. No one who testified had any personal acquaintance with appellee or knowledge of the matters, if any, upon which his claim rests. Chamberlin, the lawyer witness, received the claim from appellee through the mail. What that claim was the record fails to disclose. Chamberlin testifies to a conversation with Lowell and Jacobs, in which the witness said to them: "This is for work done by Mr. Perry up there in Minneapolis, and they said, yes, he has done the work and we owe him for that and we will pay him." (R. p. 29.) Again, this witness narrates the following conversation with Lowell and Jacobs (R. p. 29): "Mr. Perry claims here $200 for work he has done for you, gentlemen, in the field in soliciting insurance for the months of September and October, and he—you owe him for this work $200 and for cash expense, and they said, yes, that is correct and we will pay it." This evidence seems to us wholly insufficient to support a claim against appellants or against them and their co-defendants originally summoned before the justice of the peace, and wholly insufficient to create a joint liability against them or against appellants. If by any process of reasoning, or without it by violent assumption, this testimony can be held to establish a claim against anybody, it would seem to point to Lowell and Jacobs upon their alleged admissions and promise to pay, but how it can be held

to constitute evidence supporting a judgment against
Lowell and Buck, we are unable to divine.

When we come to the evidence of Detective Wool-
ridge, we find it equally unsatisfactory and wholly in-
sufficient to uphold this judgment. Most of Wool-
ridge's conversations were with Jacobs, who told him,
he says, that Lowell was his partner, and that they
claimed to be the Chicago Fire Insurance Company,
and were engaged in promoting a lot of other fire in-
surance companies. Woolridge then details consider-
able hearsay evidence which, if true, might tend to
prove that these fire insurance promoting schemes
smacked of fraud. But whether this be true or not is
entirely irrelevant here, for nowhere does it appear
that appellee did any work or advanced any money
for any of them at the request of appellants or any-
one else. What insurance appellee solicited, if any,
we are unable to say from the record. Woolridge fur-
ther testifies that he had a lot of shares of stock of
several insurance companies with Buck's name upon
them as secretary. Yet Perry is nowhere and in no
manner connected with either of them, so far as ap-
pears from the record. All the talks Woolridge had
in the matters about which he testified were with Ja-
cobs and Lowell.

Appellants, in order to rebut an inference which
they deemed might arise from appellee's proof that
"W. A. Lowell Company" was a fraudulent assump-
tion by them of corporate functions which were with-
out warrant of law, put in evidence its charter granted
by the State of Illinois, by which it was authorized to
do a general brokerage business, excluding real estate
brokerage.

There is no evidence in this record establishing a
claim against appellants. Neither is there any evi-
dence that appellants were partners. The statements
of Lowell and Jacobs, if true, furnish no proof from
which an inference can be indulged that Lowell and
Buck were partners or jointly liable to Perry on his

claim, the exact nature of which is shrouded in a mystery not solved by the proofs. Whatever may be said of the liability of Lowell, the claim is against him and Buck on a contention that their liability is joint. The judgment is a unit, and if unsupported as to one must fail as to both.

The court instructed the jury on the theory that the debt in controversy was fraudulently contracted, but as no obligation was proven against appellants in favor of appellee, the question of fraud was a moot one and could have no effect upon the rights of the parties litigant.

The judgment of the Superior Court is erroneous, and it is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*